## MURPHY v. LEHIGH VALLEY R. CO. (SCHIAVONE–BONOMO CORPORATION, Third-Party Defendant).

Civil Action No. 3988.

District Court, E. D. New York.

Nov. 28, 1945.

Alexander & Green, of New York City, for defendant and third-party defendant (Herbert S. Ogden, of New York City, of counsel), for the motion.

William Paul Allen, of New York City, for plaintiff, opposed.

KENNEDY, District Judge.

Defendant Lehigh Valley Railroad Company moves to resettle a judgment entered by the clerk of the court on October 25, 1945, in such wise as to strike out an allowance of interest (from June 15, 1945) in the amount of $759.45.

On June 15, 1945, a jury rendered its verdict in favor of the plaintiff and against the defendant in the amount of $45,000. The case arose under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59, plaintiff's intestate having been killed while in the employ of defendant Lehigh Valley Railroad Company. Immediately after the rendition of the verdict, defendant railroad moved to set it aside, assigning among other grounds, the claim that it was excessive in amount. A long delay ensued in the submission of briefs, for which the plaintiff was not at all chargeable. After the submission of briefs there was further delay in the rendition of the decision; again

plaintiff was not chargeable. On October 1, 1945, I said that I would grant the motion to set the verdict aside unless the plaintiff stipulated to reduce it to $35,000. An order to this effect was entered on October 11, 1945. On the same day plaintiff filed her consent to the reduction of the verdict, which consent was filed in the office of the clerk. On October 25, 1945, the clerk entered judgment, and allowed interest from the date of the rendition of the verdict to the date of the entry of the judgment.

Defendant's principal point on this motion is that since the order of October 11, 1945, grants a new trial unless the plaintiff consents to a reduction of the verdict to $35,000, she is foreclosed from claiming interest because there was no specific mention of her right to interest. In other words, the defendant says that when the plaintiff complied with an order reducing the verdict to $35,000, she can claim no more than that. Really, this argument amounts to saying that if the plaintiff was entitled by law to interest she waived it by her consent. I am not too much impressed with this, because I feel that if the law permitted the award of interest from the date of the rendition of the verdict, then plaintiff, by consenting to a reduction, ought not be held to have waived it unless there was some express provision in the order granting the new trial making it plain that this was the effect of the reduction. But there is another point more important than this.

Clearly, under New York law plaintiff would be entitled to compute interest from the date of the verdict. Civil Practice Act, § 480. But does the New York statute apply to a case like this? The Court of Appeals has held that it does not. Murmann v. New York, N. H. & H. R. Co., 258 N.Y. 447, 180 N.E 114. That case decides that actions under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59, are not governed by New York statutes relating to interest on verdicts and judgments, because by that legislation Congress has covered the whole field, and the power of the States is not broad enough to change the assessment of the damages as determined by the verdict.

It is unnecessary to cite cases on the proposition that the right to interest on verdicts, or judgments either, is a

question of substance. Since the Federal Employers' Liability Act itself is silent upon the question the only applicable guide is the federal statute on interest, 28 U.S.C.A. § 811, which prescribes that interest shall be allowed on judgments in civil causes from the date of the judgment at the same rate as that fixed by State law. The Supreme Court has said, by implication anyway, that this statute excludes the idea that interest should be allowed between verdict and judgment. Massachusetts Benefit Association v. Miles, 1891, 137 U.S. 689, 11 S.Ct. 234, 34 L.Ed. 834.

Recently, in Louisiana & Arkansas R. Co. v. Pratt, 5 Cir., 1944, 142 F.2d 847, Circuit Court Judge Holmes expressed the opinion that the Massachusetts Benefit case is to be read merely as holding that the federal interest statute does not exclude power in the States to allow interest upon verdicts. But the Massachusetts Benefit Association case was based upon diversity. I think that the Court meant that in such a situation, even in the teeth of the federal statute on interest, a suitor was not to be deprived of the benefits which he would have secured under State law had the cause not been removed. Cases under the Federal Employers' Liability Act are, as I believe, on an entirely different footing. Judge Holmes concludes in the Louisiana & Arkansas R. Co. case, supra, that the interim between the verdict and judgment is an unoccupied field in which State interest laws are free to operate. He points to the obvious undesirability, in the light of the concurrent jurisdiction of the State and federal courts, that suitors under the Federal Employers' Liability Act should have one rule applicable as to interest in the State courts and another in the federal courts. But as I read the Murmann case, supra, this is not so in New York. The Court of Appeals has refused to apply the State statute dealing with interest (in that case New York State Decedent Estate Law § 132, Consol.Laws N.Y. c. 13); and if the federal courts follow the statute applicable, 28 U.S.C.A. § 811, then, at least in New York, there will be harmony between the forms of judgment in the State and federal courts in cases under the federal Employers' Liability Act.

I must confess that my ruling works a hardship upon this plaintiff. And it is easily conceivable that there might, and undoubtedly will be, cases where the hardship will be even greater. In the case in which Judge Holmes wrote the district court had set aside a plaintiff's verdict and rendered judgment non obstante veredicto for the defendant. On appeal this was reversed. Therefor, everything Judge Holmes says on the subject of interest upon verdict is dicta, because in his case the date of verdict and judgment coincided. But I can well understand why he went into the matter so thoroughly, because it seems unfair to deny interest between verdict and judgment to a plaintiff who is really not chargeable with the delay.

Defendant's motion has other branches, all of which have been abandoned except the one of which I speak. I therefore grant the motion only to the extent that it asks that the judgment be resettled to exclude interest except from the date of judgment.