**SCOCOZZA v. ERIE R. CO.**

No. 90, Docket 21128.

United States Court of Appeals
Second Circuit.

Jan. 6, 1949.

Robert McGowan Smith, of Brooklyn, N. Y., for plaintiffs-appellants.

Davis, Polk Wardwell, Sunderland & Kiendl, of New York City (Theodore Kiendl, Edward J. McGratty, Jr. and Cleveland C. Cory, all of New York City, of counsel), for defendant-appellee.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

At the close of all the evidence, a verdict was, on defendant's motion, directed for the defendant in this suit brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., in the District Court for the Southern District of New York.

This appeal is from the final judgment entered on that verdict and the only issue is whether there was enough evidence of the defendant's negligence to require the submission of that question to the jury.

The suit was brought by the father and guardian ad litem of a minor to recover damages for personal injuries to the minor who was accidently hurt while employed by the appellee as a mechanic's helper. The boy, nearly seventeen years old when the accident occurred, had been working for the appellee for about nine months and for a few months had been helping mechanics inspect and repair equipment. According to the plaintiff's testimony, he was told by his boss on the morning he was hurt to check the nuts on a steam locomotive which had been brought off the line for inspection and was standing with steam up on a track just outside a round house. The boss then left him to his task and went inside to sharpen a chisel.

What then happened to the boy is shown for the most part by his own testimony, which was all the evidence the plaintiff introduced. He testified that in checking the nuts on the engine by hitting them with a hammer he came to one which was different from the others in that it was "stripped loose" and he took it off. When asked, "How did you go about it?" he answered, "I went over and got a chisel and I hit it once or twice, and the third time something went off and I didn't know what hit me." He also said the nut was on a bolt which was attached, he thought, to some kind of a rod. On cross-examination he testified that the nut was a round one at the middle of the left side of the engine on a bolt which was there to hold something—what that was he didn't know. He said it was "one by one" in size and was the first nut he checked on the engine. He hit it with a hammer and "then it was loose." He said both that he couldn't get it off by hand and that he didn't try to unscrew it by hand. It, and the bolt it was on, looked like iron but he didn't know whether they were made of iron. The nut had grooves across the top.

Other evidence in the record shows that after he was hurt the boy was taken to a hospital where his left eye was removed and metal particles were taken from the eyeball and from his left hand. Tests of these particles showed that they were composed of a little over 95% copper, the remainder being mostly zinc and lead with traces of iron and other elements. Such material is known as gilding metal and is used mainly in making inexpensive jewelry and for covering the lead cores of bullets used in making small arms ammunition. There was no evidence that any such metal is used in or on this locomotive.

Still other evidence tended to show that when what he struck exploded the boy was hitting with a hammer some object on the front platform of the engine, instead of checking the nuts as he testified that he was told to do, and that that object was a small arms cartridge.

The railroad is liable in this suit only if it was guilty of negligence which caused the accident. But the plaintiffs were entitled to have that issue submitted to the jury if the evidence, viewed in its light most favorable to them, was sufficient to make out a prima facie case. Randall v. Baltimore & Ohio R. Co., 109 U.S. 478, 3 S.Ct. 322, 27 L.Ed. 1003; Delk v. St. Louis & San Francisco R. Co., 220 U.S. 580, 31 S.Ct. 617, 55 L.Ed. 590; Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916. This does not mean, however, that the assertion of an interested party is alone sufficient to carry the issue of the railroad's negligence to the jury when it is so opposed to known facts and reasonable inferences drawn from them that members of a jury could not fairly reconcile it with those established facts. Redman v. Baltimore & Carolina Line, Inc., 2 Cir., 70 F.2d 635, 637, modified on other grounds 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636. The requirement that conflicts in the evidence be resolved as favorably to the plaintiff as is possible always means that the judge must decide whether impartial members of the jury could, with reason, decide that the plaintiff's alleged cause of action was proved by evidence which outweighed at least a little all that was to the contrary. Myers v. Reading Company, 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615. Applied to this case

that means that before the jury could lawfully return a verdict for the plaintiffs it had to be able to find not only that the boy's version of the cause of his injuries was the correct one but also that prudence required the defendant to foresee some likelihood that such an explosion as that described by him might occur and to take steps to protect the boy from such a danger. The defendant railroad was not an insurer, and there is nothing whatever in this record to show that it did, or should, have had even the slightest intimation that hitting the nuts on this engine would cause anything to explode. There was, therefore, insufficient evidence of negligence of the defendant on which to go to the jury. Brady v. Southern Ry. Co., 320 U.S. 476, 64 S.Ct. 232, 88 L. Ed. 239; Trust Co. of Chicago v. Erie R. Co., 7 Cir., 165 F.2d 806, certiorari denied 334 U.S. 845, 68 S.Ct. 1513; Eckenrode v. Penn. R. Co., 335 U.S. 329, 69 S.Ct. 91 affirming 3 Cir., 164 F.2d 996.

The direction of the verdict was, accordingly, not erroneous. Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819; Redman v. Baltimore & Carolina Line, Inc., supra.

Judgment affirmed.