Schnars *v.* Union Railroad Company, Appellant.

Argued March 20, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Gilbert J. Helwig,* with him *Reed, Smith, Shaw & McClay,* for appellant.

*Leonard J. Paletta,* with him *McArdle, Harrington & McLaughlin,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, April 16, 1963:

At the entrance to the Carrie Furnace in the plant of the United States Steel Company, there is a small

tunnel which permits, beneath the tracks of the Pittsburgh & Lake Erie Railroad, access to the plant. The tunnel, which is the property of the United States Steel Company, is only 66 feet long and about 25 feet wide, but large enough to house an automobile accident which occurred there on November 7, 1956. Allen N. Schnars, the plaintiff in this case, an employee of the Union Railroad Company, a subsidiary of United States Steel, was on his way to work that morning following the narrow walkway (about 4½ feet wide), when an automobile driven by Geraldine Smith, a nurse employed by U.S. Steel, departed from the space intended for vehicular traffic and invaded the walkway, injuring Schnars' foot.

He brought a suit in trespass against his employer, the Union Railroad Company, the United States Steel Corporation as the employer of Geraldine Smith, on the basis of respondeat superior, and against Geraldine Smith in her own responsibility. A compulsory nonsuit was entered as to the suit against the United States Steel Corporation since there was no evidence that Geraldine Smith was acting within the scope of her employment at the time of the mishap.

Of course, under current Pennsylvania law, an employee may not, except under extraordinary circumstances not present here, sue his employer. However, such an action is permissible under federal law because of the Federal Employers' Liability Act, 45 U.S.C.A. §§51-60, which places upon employers the duty of providing a safe place to work for their employees, this including safe ingress to and egress from that place of work.

The jury returned a verdict in favor of the plaintiff in the sum of $15,000, specifying, in answer to special interrogatories, that the Union Railroad Company was negligent, that Geraldine Smith was negligent and that Schnars was guilty of contributory negligence to

the extent of 40%. Under the Federal Employers' Liability Act, contributory negligence of itself does not disqualify a plaintiff from a recovery but the verdict which he may receive will be reduced in the percentage that he was at fault in causing his injuries. The court thus molded the verdict to $9,000.

The case against Geraldine Smith failed because, despite her negligence, Schnars was also negligent to a degree but under Pennsylvania law of course any contributory negligence withholds entirely a monetary verdict from the plaintiff. Thus, judgment was entered in favor of Geraldine Smith. This left the Union Railroad Company holding the bag and baggage of responsibility for the accident.

It has appealed to this Court, arguing that it also is without liability, on the basis that there was no proof of negligence on its part. It submits that the criterion of care required of the defendant under the F.E.L.A. is the same as that which applies in common law actions, namely: Could the defendant have foreseen the danger which brought grief to the plaintiff? This proposition is correct, (*Scocozza v. Erie Railroad Co.*, 171 F. 2d 745), but the lower court held that it was precisely the failure of the defendant to foresee that an automobile could easily trespass onto the pedestrian walkway in the tunnel which caused the accident.

The walkway and roadway were on the same level. At the point of the automobile-pedestrian collision there was no barrier between the walking and driving lanes. The pavement was perforated with two holes into which poles could have been inserted and a cable stretched between them, but the defendant did not do this. One end of this narrow walkway was protected for a distance of ten feet by a wire mesh fence. At the other end, it was guarded by a cable or chain barrier between two posts. This left a Skaggerrack of 40

feet of open area, inviting anything that rolled to enter into it. The invitation was accepted by Geraldine Smith and, as a consequence, Allen N. Schnars hobbled into court for damages.

The defendant's brief says that "the absence of a barrier separating the walkway and the roadway did not make the tunnel *unreasonably* dangerous to pedestrians." It then says: "Automobiles are permitted to travel adjacent to one another, at speeds up to 60 miles an hour and traveling only a few inches apart, separated only by a thin white line. That such conditions are common is a demonstration that the conditions are not unreasonably hazardous. This has been cogently stated in Titus v. Bradford Railroad Co., (1890), 136 Pa. 618, 626." This *Titus v. Bradford* case is scarcely authority for approval of an automobile speed of 60 miles an hour. When this case was decided (1890) automobiles did well to travel at 60 feet per hour. The first Ford horseless carriage to frighten horses, startle farmers and petrify poultry did not appear on any highway until 1893.

Defendant's brief argues also that "for the nurse to drive her car up on the walkway in the circumstances here presented was so improbable an occurrence that the defendant cannot be held to anticipate it."

It was not the matter of a nurse driving her car up on the walkway, but the possibility and probability of anyone in the narrow tunnel, crossing over to the walkway because of the absence of a barrier, white line or any other mark to differentiate the pedestrian's path from the automobile's passage, which formed the basis for negligence. That those who maintained the tunnel were aware of this possibility of vehicular encroachment is evidenced by the fact that preparations had been made for the erection of poles and hanging of ropes or cables to form a visual danger line.

It was entirely proper for the court below to submit to the jury the question as to whether the failure of the defendant to put up reasonable markers for pedestrian safety constituted negligence. The jury found that that failure on the part of the defendant did constitute negligence. We are satisfied that the law and fact support the verdict, and the judgment entered in the court below is, therefore,

Affirmed.

Mr. Chief Justice BELL and Mr. Justice BENJAMIN R. JONES dissent.