Helen Denisewich *vs.* Marcos Pappas.
Peter L. Denisewich *vs.* same.
Ruth E. Davison *vs.* same.

MARCH 12, 1964.

Present: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. These are three separate actions of trespass on the case brought by business invitees to recover for personal injuries resulting from the alleged negligence of the defendant, the operator of a restaurant. They are before us on the plaintiffs' exceptions to the decision of a justice of the superior court sustaining demurrers to the fourth amended declarations on five of their ten grounds. The facts out of which the alleged cause of action arose are similarly averred in each declaration. We shall, therefore, confine our discussion to the declaration of Helen Denisewich, but what we say shall be applicable to the other declarations.

The declaration alleges in substance that plaintiff, a business invitee, was injured at about 11 p. m. on August 27, 1960, when an automobile operated at a reasonable speed by another business invitee on the restaurant parking lot hit and broke through the restaurant wall adjacent to the booth at which plaintiff was seated. It further alleges that notwithstanding a custom of business owners maintaining parking lots for customer use to provide barriers for the prevention of collisions, defendant had for an unreasonable length of time neglected to provide an adequate barrier between the parking lot and the restaurant wall which wall was averred to be "unsubstantial."

The five grounds upon which the superior court sustained the demurrer and which are the only ones now before us are in substance: (1) Failure to state a cause of action as a matter of law; (2) Absence of any duty as a matter of law to plaintiff on the facts alleged; (3) Failure to allege properly proximate causation; (4) Insufficiency of facts to

show proximate causation and an intervening cause disruptive of the chain of causation; and (5) Failure to allege facts showing in what manner the wall was unsubstantial.

In sustaining the demurrer the trial justice found that there was no duty on defendant to erect a barrier "in anticipation of the dangerous operation of a vehicle that may be parked on the adjoining parking lot," and that "as a matter of law" there was "no duty upon the owner of the premises to erect a barrier to protect the invitees who are eating therein from the so-called anticipation of the negligent operation of a vehicle by a third party over whom the defendant has no control."

The initial question is whether defendant's failure to provide an adequate barrier between the restaurant and the adjoining parking area constituted a breach of his duty to use reasonable care to maintain his premises in a condition reasonably safe for the purpose of the invitation extended to plaintiff.

The plaintiff relies on *Schnars* v. *Union R. R.*, 410 Pa. 538. In that case the defendant employer as a means of providing access to its plant maintained a small tunnel for vehicular and pedestrian traffic and was duty bound to provide a safe place to work for its employees including a safe ingress to and egress from that place of work. The plaintiff-employee, a pedestrian, as he was proceeding along the walkway in the tunnel was struck by an automobile which had departed from the tunnel roadway. The court found that the law and fact supported the verdict for the plaintiff notwithstanding the contention that there was no proximate causation, and held that it was for the jury to determine whether the defendant's failure to erect reasonable markers or barriers between roadway and walkway constituted negligence. The attempt made here to distinguish that case because it arose under the Federal Employers' Liability Act fails since the ultimate issue both under that

act and at common law was whether the danger which resulted in the injury could have been foreseen.

Although plaintiff argues that a logical extension of the decision in *Schnars* makes the injury here suffered actionable without necessity for alleging anything more as a breach of defendant's duty than his failure to erect an adequate barrier between the restaurant and the parking area, she goes further in her declaration and alleges in substance that the omission to provide a barrier to prevent collisions was in violation of what is common and customary.

In that posture the test as to defendant's alleged violation of a duty to plaintiff is whether he was bound to foresee that in the use of the parking area an automobile might break through the restaurant wall because of his failure to provide a barrier in accordance with the dictates of custom and usage. If that occurrence was probable and from usual experience likely to happen, it was foreseeable; if it was unusual or unlikely to happen or was a slightly probable or remote event, then it was not within the realm of foreseeability. *Mercurio* v. *Burrillville Racing Ass'n*, 95 R. I. 417, 187 A.2d 665, 667; *Prue* v. *Goodrich Oil Co.*, 49 R. I. 120, 123.

In these days, off-street parking facilities have become part and parcel of our everyday existence. They are so affected with a public interest that the cities and towns of this state pursuant to art. XXXII of the amendments to our constitution may now acquire property by eminent domain, or otherwise, in order to establish and construct that type of facility. The zoning ordinances of many of our cities and towns require provision for adequate off-street parking as a condition precedent to various types of land utilization. High rental areas once occupied almost exclusively by buildings have become inundated with and surrounded by parking lots and garages. For commercial and industrial establishments to provide large areas for customer

and employee parking is commonplace and shopping centers and discount houses with parking areas capable of accommodating hundreds of motor vehicles are no longer rarities.

It is in this setting, where that which is common usage in a parking lot is presumed to be within the common knowledge, that we consider the legal sufficiency of plaintiff's declaration. See *Brooks* v. *Sears, Roebuck & Co.*, 302 Mass. 184. In these circumstances the touchstone for the existence of the breach of duty complained of is not the unlighted condition of the parking area or the failure to provide attendant parking, both of which are no more than attendant conditions and neither of which is alleged to be a breach of the duty, but the failure to erect an adequate barrier coupled with a violation of that which is alleged to be an established custom and usage. See *Laporte* v. *Cook*, 22 R. I. 554, 556, and *Prue* v. *Goodrich Oil Co., supra*. In our opinion whether that failure plus the violation constitute a breach of duty at least initially is a question of fact and not of law.

It appears sufficiently from what we have already said that there is no merit in defendant's contention that the declaration falls short of compliance with *King* v. *Interstate Consolidated R. R.*, 23 R. I. 583, which requires an allegation of facts within the declaration sufficient to give rise to the duty alleged.

We come now to the question of whether the trial justice erred in finding that the driving of an automobile by another business invitee against the wall of the restaurant is that kind of an intervening act by a responsible third party which breaks the chain of causation between the negligence of defendant and the injury to plaintiff. While it is well settled that a defendant may be relieved of the consequences of his negligence by the intervention of a responsible third party, *Floyd* v. *Turgeon*, 68 R. I. 218, *Kemplin* v. *H. W. Golden & Son, Inc.*, 52 R. I. 89, and *Mahogany* v. *Ward*,

16 R. I. 479, it is equally well established that an intervening act will not insulate a defendant from liability if his negligence was a concurring proximate cause which had not been rendered remote by reason of the secondary cause which intervened. *Clements* v. *Tashjoin,* 92 R. I. 308, 168 A.2d 472; *Reek* v. *Lutz,* 90 R. I. 340; *Sroka* v. *Halliday,* 41 R. I. 322.

The test in each case is whether the intervening act could reasonably have been foreseen as a natural and probable result of the original negligence. *Sroka* v. *Halliday, supra.* If it could have been so anticipated, then the intervening act is not so remote as to prevent the original act from being considered at law as a concurring cause of the injury complained of; if it could not have been so foreseen, then the secondary cause will be considered to have broken the chain of causation and the original act will be deemed remote and not actionable.

Having already determined that it cannot be said as a matter of law that defendant was under no duty to provide an adequate barrier between his restaurant and the adjacent parking area, we need only inquire whether it could have been reasonably anticipated that a business invitee's automobile operated at a reasonable speed in the nighttime in an unlighted parking area might by reason of the absence of an adequate barrier be driven against the outer unsubstantial wall of the restaurant with resulting injury to plaintiff. The very purpose for erecting a barrier was to prevent collisions, and what is alleged to have happened was that which defendant was required to guard against and which he reasonably could have foreseen would happen if he neglected his duty. It is the existence of this purpose which clearly distinguishes the instant case from *Clements* v. *Tashjoin, supra,* and *Indiana Service Corp.* v. *Johnston,* 109 Ind. App. 204, upon which cases defendant places his principal reliance.

438

Whether the intervening act in this case broke the chain of causation or whether defendant's omission was a concurring cause is in our opinion properly determinable at trial and not on demurrer.

The defendant relying on *Houle* v. *Carr-Consolidated Biscuit Co.*, 85 R. I. 1, and *Bullock* v. *Butler Exchange Co.*, 22 R. I. 105, also contends that the declaration is demurrable because the allegation that the restaurant wall was "unsubstantial" is conclusionary rather than factual. That contention ignores the further averment in the declaration that plaintiff was "unable to describe the condition of the premises * * * with greater particularity." It sometimes happens, as this court said in *Cox* v. *Providence Gas Co.*, 17 R. I. 199, that to require plaintiff to describe with particularity the nature of the condition which made the restaurant wall in defendant's control susceptible of penetration if struck as here alleged, might be to refuse him a remedy. The allegation that plaintiff was without any knowledge which would enable him to describe the wall with any greater particularity than as "unsubstantial" brings the declaration within *Cox* and *Eaton Realty Co.* v. *Petroleum Heat & Power Co.*, 77 R. I. 345, rather than the cases cited by defendant. On demurrer we are concerned not with proof but with sufficiency of averments, a sufficiency which permits of generality when, as here, the precise nature of the wall was more within the knowledge of defendant than of plaintiff.

We finally come to defendant's contention made in reliance on *Davis* v. *Girard*, 70 R. I. 291, that we should consider the sufficiency of each of the ten grounds of his demurrer notwithstanding that the trial justice overruled the demurrer on five of them. Whatever rule may obtain when a case is before us on reasons of appeal as in *Davis*, it is well settled that a party who appears before us to oppose a bill of exceptions prosecuted by his adversary cannot at this

'stage of the proceedings urge exceptions taken by him and not at this time the subject of a bill of exceptions on his own behalf. *Union Fabrics Corp.* v. *Tillinghast-Stiles Co.,* 58 R. I. 190.

In each case the plaintiff's exceptions to the decision sustaining the demurrer are sustained, and each case is remitted to the superior court for further proceedings.

*Martin Malinou,* for plaintiffs.

*Gunning & LaFazia, Bruce M. Selya, V. James Santaniello,* for defendant.