476 A.2d 919

**Howard H. HUMPHRIES**

v.

**PITTSBURGH AND LAKE ERIE RAILROAD COMPANY,**
**Consolidated Rail Corporation and the Baltimore &**
**Ohio Railroad Company.**

**Appeal of PITTSBURGH & LAKE ERIE**
**RAILROAD COMPANY.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1984.

Filed April 27, 1984.

Reargument Denied July 6, 1984.

Petition for Allowance of Appeal Denied Jan. 7, 1985.

120

Alan M. Shapiro, Pittsburgh, for appellant.

John P. Gismondi, Pittsburgh, for appellee.

David P. Helwig, Pittsburgh, for Consolidated, participating party.

Before WIEAND, TAMILIA and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the Judgment of the Court of Common Pleas of Allegheny County, entered following an en banc Order denying appellant's (Pittsburgh & Lake Erie Railroad Co.'s) motion for judgment *non obstante veredicto.* Pa.R.App.P. 301(a). We affirm in a case of first impression.

On October 6, 1978, plaintiff-appellee (Howard H. Humphries) filed a complaint in trespass alleging, in relevant part, that:

*THIRD:* At all times relevant to this suit, the defendant[appellant] was a common carrier of freight for hire and by rail and was engaged in interstate commerce.

*    *    *    *    *    *

*FIFTH:* Jurisdiction is conferred upon this court under and by virtue of the provisions of the Federal Employers' Liability Act of Congress . . . .

*SIXTH:* On or about May 19, 1978, at approximately 12:30 p.m., the plaintiff was performing his duties as a track laborer for the defendant on the defendant's single main track, Mon River Bridge, Homestead, Pennsylvania. Plaintiff was engaged in work which was within the scope of his employment. The plaintiff, along with three other

servants of the defendant, was using a rail stretcher to perform his assigned duties. During the course of this activity, a bolt that was attached to the rail stretcher broke and the plaintiff was caused to fall to the ground by reason of the defendant's negligence with the result that the plaintiff suffered severe injuries and damages . . . .

In conclusion, a claim for damages in an amount in excess of $10,000.00 was sought.

Thereafter, following the disposition of various pretrial items (e.g., interrogatories, statements and depositions), the case proceeded to trial and a jury found for the plaintiff in the amount of $12,400.00. The plaintiff followed this with a submission of a motion seeking prejudgment interest pursuant to Pennsylvania Rule of Civil Procedure No. 238.[1] The court entered an order that remolded the verdict by "adding delay damages in the amount of $3,203.00, reflecting a total award of $15,603.00." What ensued was the filing of an

1. Pennsylvania Rule of Civil Procedure No. 238 provides, in pertinent part:

[I]n an action seeking monetary relief for bodily injury, death, or property damage, or any combination thereof, the court or the arbitrators . . . shall

(1) add to the amount of compensatory damages in the . . . verdict of the jury . . . damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict, or decision;

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of the action, which ever is later, up to the date of the award, verdict, or decision.

\* \* \* \* \* \*

Except as provided in subdivision (3), damages for delay shall be added to the award, verdict or decision against all defendants found liable, no matter when joined in this action.

\* \* \* \* \* \*

(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made.

appeal questioning the propriety of the award as to the delay damages.

More particularly, the issue preserved for our review [2] concerns whether Pennsylvania's Rule 238 may be invoked in a Federal Employers' Liability Act [3] suit heard in a court of common pleas. We believe it can be.

Our discussion starts with the proposition that state courts are forbidden from discriminating against a federal cause of action. This prohibition is manifested in the supremacy clause of Article VI of the United States Constitution, *see Testa v. Katt,* 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947), and requires state courts to enforce federal law. *Household Consumer Discount Co. v. Vespaziani,* 490 Pa. 209, 415 A.2d 689 (1980). Since Congress has made available the state courts, as well as federal ones,[4] for the vindication of that right, it is our task to determine whether federal or state law governs the resolution of a given question concerning the federally created cause of action. *Id.*

Instantly, this means that "[s]ince [Humphries'] claim arises under a federal statute, whether prejudgment interest will be allowed is initially a question of federal law and not the law of the forum state. *See Wallis v. Pan American Petroleum Corporation,* 384 U.S. 63, 86 S.Ct. 1301, 16 L.Ed.2d 369 (1966); 1A Moore's Federal Practice §§ 0.318,

**2.** To the extent that the defendant demands that this Court resolve the constitutionality of Rule 238, we decline the invitation. Since this issue was not presented to the court below, we find the issue waived. *See Benson v. Penn Central Transportation Co.,* 463 Pa. 37, 41, 342 A.2d 393, 395 (1975). However, we do note that this question has been ruled upon in a manner that is not favorable to the defendant. *See Marks v. Mobil Oil Corp.,* 562 F.Supp. 759 (E.D.Pa.1983).

**3.** 45 U.S.C. § 51 *et seq.* (hereinafter referred to as the Act or FELA).

**4.** The Federal Employers' Liability Act, which imposes liability upon railroad companies engaged in interstate commerce for injuries or wrongful death of their employees, provides that jurisdiction of the federal courts over actions brought under the Act shall be concurrent with that of the courts of the several states. 45 U.S.C. § 56.

0.323[12] (2nd ed. 1959)."[5] *Southern Pacific Co. v. Miller Abattoir Co.*, 454 F.2d 357, 362 (3rd Cir.1972).

■  Thus, we wish to emphasize that, albeit a federal court sitting in diversity must look to local law to determine the availability of prejudgment interest, *see Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Schneider v. Lockheed Aircraft Corp.*, 658 F.2d 835, 855 (U.S.App.D.C.1981), *cert. denied*, 455 U.S. 994, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982), such is not the rule in cases arising under federal law. *See Furtado v. Bishop*, 604 F.2d 80, 97 (1st Cir.1979), *cert. denied*, 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980). Applying this precept to the case *sub judice*, we find "[i]t has long been settled that questions concerning the measure of damages in an FELA action are federal in character. This is true even if the action is brought in state court."[6]  (Citations omitted) *Norfolk and Western Railway Co. v. Liepelt*, 444 U.S. 490, 493, 100 S.Ct. 755, 757, 62 L.Ed.2d 689 (1980). Our own decisional law on the subject is not inconsistent

**5.**  *Accord Robinson v. Watts Detective Agency*, 685 F.2d 729, 741 (1st Cir.1982) ("Because Count I of the complaint stated a cause of action arising under the Bankruptcy Act, whether or not the trustee is entitled to prejudgment interest as an element of damages is a matter of federal law." (Citations omitted)); *Moore-McCormack Lines, Inc. v. Amirault*, 202 F.2d 893, 896 (1st Cir.1953) (In discussing prejudgment interest, the court observed that "quite a different situation is presented when action is brought on a claim arising under federal, not state, law. *See Brooklyn Savings Bank v. O'Neil*, 1945, 324 U.S. 697, 714–716, 65 S.Ct. 895 [905–907], 89 L.Ed. 1296[.]"); *cf. Unique Systems, Inc. v. Zotos International, Inc.*, 622 F.2d 373, 381 (8th Cir.1980) (Interest was allowed on a debt before it was reduced to judgment "[i]n this diversity case where the right of action ar[o]se[ ] under state law . . . .").

**6.**  It is to be observed that our Supreme Court in *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 66, 436 A.2d 147, 154 (1981), remarked, as to Rule 238, "[a]lthough the award for delay of time may be 'in the nature of interest,' in reality, it is merely an extension of the compensatory damages necessary to make a plaintiff whole." This, of necessity, undermines plaintiff-appellee's argument that "equating interest with damages is erroneous" and that "Rule 238 interest—apart from other prejudgment interest rules—is not compensatory and, as such, should not be considered to be an element of 'damages' as that term is commonly used." (Appellee's Brief at 3 & 8) .

with such a pronouncement. *See, e.g., Hogarty v. Philadelphia & Reading Railroad Co.,* 255 Pa. 236, 240, 99 A. 741 (1916) ("The Federal Employers' Liability Act of 1908 supercedes the laws of the states upon all matters within its scope, and, in cases involving accidents to the employees of railroad companies, when engaged in interstate commerce, the state laws must be regarded as nonexistent." (Citations omitted)); *Snyder v. Penn Central Transportation Co.,* 296 Pa.Super. 69, 73, 442 A.2d 300, 302 (1982) ("In a F.E.L.A. case, federal rather than state law governs . . . ."); *Ignacic v. Penn Central Transportation Co.,* 291 Pa.Super. 431, 436 A.2d 192 (1981) (semble); *see also Schnars v. Union Railroad Co.,* 410 Pa. 538, 189 A.2d 884 (1963) (Although under Pennsylvania law an employee could not sue his employer, such is not the case under federal law because of the Federal Employers' Liability Act).

However, as is conceded by all concerned, and a review of the statute confirms this, the Federal Employers' Liability Act makes neither a provision allowing nor forbidding prejudgment interest such as was awarded by the trial court here. Despite this absence of an unequivocal prohibition against interest in the Act itself, we have been directed to the general interest statute governing federal civil actions, 28 U.S.C. § 1961. *See Murphy v. Lehigh Valley R. Co.,* 63 F.Supp. 928 (E.D.N.Y.1945). Section 1961 reads, in relevant part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law.[7]

It is true that the preceding has been construed, in the context of the Federal Employers' Liability Act in *Louisiana & Arkansas Ry. Co. v. Pratt,* 142 F.2d 847 (5th

7. Section 1961 was amended April 2, 1982, Pub.L. 97–164, Title III, § 302(a), 96 Stat. 55; September 13, 1982, Pub.L. 97–258, § 2(m)(1), 96 Stat. 1062; January 12, 1983, Pub.L. 97–452, § 2(d)(1), 96 Stat. 2478. However, because of the dates of the amendments, no more need be said than that they do not impact on the 1978 cause of action here.

Cir.1944), to encompass *post* judgment interest, or, at the most, an award of interest tabulated from the date a verdict is rendered to the date judgment is entered. This fact has been seized upon by the defendant-appellant as the cornerstone for its proposition that the Act's silence on the question of "interest", even reading Section 1961 liberally, does not sanction the awarding of prejudgment interest. *Id.*

Although the Fifth Circuit's position in *Pratt* has been followed in a number of state courts,[8] we notice that most recently this stance, as it affects Section 1961 and federal causes of action in regard thereto, has been altered. For example, in *Olsen v. Shell Oil Co.*, 708 F.2d 976 (5th Cir.1983), an employee brought suit against his employer under the Outer Continental Shelf Lands Act (OCSLA) for injuries he sustained while on the job. The employer contended, *inter alia*, that the district court should not have awarded prejudgment interest in light of Section 1961's prohibition against same, and he cited a number of Fifth Circuit cases in support of the contention. Circuit Judge Patrick E. Higgenbotham, speaking for the Court, admitted that there existed a conflict in the circuit as to the law on this point.

In response to this diversity of opinion that had manifested itself in the circuit, the Court opted to renounce its former, unfavorable position on the issue of prejudgment interest and adopted, instead, a posture consonant with that espoused in *Ellis v. Chevron U.S.A. Inc.*, 650 F.2d

---

8. *Wicks v. Central Railroad Company of New Jersey,* 129 N.J.Super. 145, 322 A.2d 488 (1974), *cert. denied,* 66 N.J. 317, 331 A.2d 17 (1974) (Citing a New York case and other circuit court decisions). *Accord Felder v. Union Pacific Railroad Co.,* 660 P.2d 911, 914–915 (Colo.App. 1982) (Prejudgment interest may not be awarded in a Federal Employers' Liability Act case); *Bennett v. Atchison T. & S.F. Ry. Co.,* 187 Iowa 897, 174 N.W. 805, 807 (1919) (The action of the court in refusing to allow interest before judgment affirmed); *contra Leitch v. Chesapeake & O. Ry. Co.,* 97 W.Va. 498, 125 S.E. 370, 373–374 (1924); *Sweet v. Chicago & N.W. Ry. Co.,* 157 Wis. 400, 147 N.W. 1054, 1058 (1914) ("Where an act of Congress [FELA] commits to the state court the duty of trying cases arising thereunder such cases may be tried according to the state rules of procedure.").

94 (5th Cir.1981). In doing so, the Court made statements that are quite germane to the case at bar; *viz.:*

> [I]n *Ellis*, an OCSLA wrongful death case, we upheld a denial of prejudgment interest once again, but only on the ground that the district court had "properly exercised its discretion." 650 F.2d at 98. *The panel there read 28 U.S.C. § 1961 as mandating postjudgment interest but also permitting prejudgment interest.* Thus, it concluded that the district court "could have left intact its award of prejudgment interest if it found 'other principles of law' which justified the award ..." *Id.* (quoting *Illinois Central Railroad Co. v. Texas Eastern Transmission Corp.,* 551 F.2d 943, 944 (5th Cir.1977).

We think *Ellis* is the better view. *Ellis reads the federal interest statute as permissive on the matter of prejudgment interest; Berry* [*v. Sladco, Inc.,* 495 F.2d 523 (5th Cir.1974)] and *Aymond* [*v. Texaco, Inc.,* 554 F.2d 206 (5th Cir.1977)] read it as prohibitory. The problem with the latter reading is that 28 U.S.C. § 1961 governs all civil actions in federal district courts, *Gele v. Wilson,* 616 F.2d 146, 148 (5th Cir.1980), except diversity cases, *Degelos Bros. Grain Corp. v. Fireman's Fund Insurance Co. of Texas,* 498 F.2d 1238, 1239 (5th Cir. 1974), yet prejudgment interest has frequently been awarded in nondiversity cases without express statutory authority (for example, suits in the admiralty). Indeed, *Berry* and *Aymond* appear to contravene the almost universal view that "section 1961 does not by its silence bar the awarding of prejudgment interest ..." *Bricklayers Pension Trust Fund v. Taiariol,* 671 F.2d 988, 989 (6th Cir.1982) (citing cases).

*Ellis indicated that an award of prejudgment interest in an OCSLA case might be justified by "other principles of law." We think the Louisiana statute providing for interest from the date of judicial demand, La.Rev.Stat. § 13:4203, is such a principle. Accordingly, we hold that where, as here, a district court awards prejudgment interest to a prevailing OCSLA*

*plaintiff whose remedy is based on surrogate state law, the award should not be disturbed on appeal if supported by that state law.*

This holding, we believe, is consistent with the precepts of *Rodrigue* [*v. Aetna Casualty & Surety Co.*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969)] and [*Chevron Oil Co. v.*] *Huson*, [404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)]. Prejudgment interest, and inflationary measures, ought to be regarded as integral to each other and to the state law remedy, particularly when the final judgment is being entered, as it is here, more than a decade after the suits were originally filed. *See General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655–656 n. 10, 103 S.Ct. 2058, 2062–2063, 76 L.Ed.2d 211 (1983). (Emphasis added) (Footnote omitted)

708 F.2d at 984. We read *Olsen* to endorse the awarding of prejudgment interest to a plaintiff, who sues under a federal statute, *when the remedy is based upon and supported by the state law where the district court sits.* This would seem to sound the death knell, *sub silentio,* for *Pratt,* since *Pratt* also dealt with a cause of action premised upon a federal statute (FELA) that relied upon 28 U.S.C. § 811 (now Section 1961) to conclude that a Louisiana law on prejudgment interest did not apply to avail the plaintiff the opportunity to secure interest from the date of judicial demand, i.e., the date suit was filed in federal court.

Drawing such a corollary from *Olsen* is not at odds with, and in fact seems to have been forecasted by, two United States Supreme Court rulings, *Louisville & Nashville Railroad Co. v. Stewart,* 241 U.S. 261, 36 S.Ct. 586, 60 L.Ed. 989 (1916) and *Massachusetts Benefit Association v. Miles,* 137 U.S. 689, 11 S.Ct. 234, 34 L.Ed. 834 (1891).

In *Stewart,* a cause of action under the FELA was brought in state court against the railroad company for negligently causing the death of the plaintiff's intestate, her husband. Two trials took place in which a lesser amount was obtained by the plaintiff after the second proceeding. Because a review by the state court proved

unsatisfactory to the railroad company and plaintiff, cross-appeals were filed to the Supreme Court. The railroad company complained that, among other things, the Kentucky court of appeals was not authorized to add 10% in damages to the amount of the award. In dismissing this averment, the *Stewart* Court held:

> The first of the other objections is that the court of appeals was not authorized to add 10 per cent damages on the amount of the judgment, as it did. But the railroad company obtained a supersedeas, and the law of the state makes 10 per cent the cost of it to all persons if the judgment is affirmed. There was no obligation upon the state to provide for a suspension of the judgment, and nothing to prevent its making it costly in cases where ultimately the judgment is upheld. So, the state may allow interest upon a judgment from the time when it is rendered, if it provides appellate proceeding and the judgment is affirmed, as, but for such proceedings, interest would run as of course until the judgment was paid.

241 U.S. at 263, 36 S.Ct. at 588. *Accord Louisville & N.R. Co. v. Holloway*, 246 U.S. 525, 38 S.Ct. 379, 62 L.Ed. 867 (1918); *Locke v. Allstate Insurance Co.*, 696 F.2d 1340 (11th Cir.1983) (Alabama 10% damages added to unsuccessful appeal regarding money judgment).

In *Miles*, the Supreme Court was elaborating upon the precursor to 28 U.S.C. § 1961, Section 966 of the Revised Statutes, originally enacted August 23, 1872, c. 118, § 8 (5 St. at Large, 518), and its scope of authority in the area of prejudgment interest; more succinctly, assimilating into the federal statute state laws that condone the entry of "interest upon verdicts." It stated its approval in the following terms:

> At common law neither verdicts nor judgments bore interest; *but by Revised Statutes, § 966, "interest shall be allowed on all judgments in civil cases, recovered in a circuit or district court, and may be levied by the marshal under process of execution issued thereon, in all cases where, by the law of the state in which such*

*court is held, interest may be levied under process of execution on judgments and recovered in the courts of such state,* and it shall be calculated from the date of the judgment, at such rate as is allowed by law on judgments recovered in the courts of such state." Did the case rest solely upon this statute, it is difficult to see how interest could be computed upon this verdict, inasmuch as the specific allowance of interest upon judgments would seem to exclude the inference that interest should be allowed upon verdicts before judgment. But by an act of the legislature of Pennsylvania, passed in 1859, it is declared to "be lawful for any party or parties in whose favor any verdict may be rendered for a specific sum of money to collect and receive interest upon such sum from the date of the verdict; and every general judgment entered upon such verdict, whether by a court of original jurisdiction or by the supreme court, shall be deemed and held to be a judgment of the sum found by the verdict, with interest thereon from the date of such finding." We regard this statute as settling the question in favor of our jurisdiction. *Section 966, while providing only for interest upon judgments, does not exclude the idea of a power in the several states to allow interest upon verdicts, and, where such allowance is expressly made by a state statute, we consider it a right given to a successful plaintiff of when he ought not to be deprived by a removal of his case to the federal court.* The courts of the state and the federal courts sitting within the state should be in harmony upon this point. *Both in Holden v. Trust Co., 100 U.S. 72 [25 L.Ed. 567], and in Ohio v. Frank [103 U.S.] 697 [26 L.Ed. 531], it was held that the question of interest is always one of local law.* (Emphasis added).

137 U.S. at 691, 11 S.Ct. at 235.

■ Instantly, we are confronted, as was the Court in *Miles,* with assessing the impact of a Pennsylvania law (Rule 238 here, an 1859 statute there) upon the general interest statute governing federal actions. Consistent with the thinking implicit in *Miles,* we favor an approach that

does not exclude the idea, notwithstanding Section 1961's reference to interest on judgments only, of a state, which in our case would be the judiciary by constitutional mandate, promulgating a rule of law that permits the recoupment of prejudgment interest. In point of fact, our Supreme Court has done just that by forging Rule 238 into use. Thus, as did the Court in *Miles,* we equate this with a right given to a successful plaintiff, of which he ought not to be deprived of by an overly constrained reading of a federal statute on the subject of interest. And, "[t]he courts of the state and the federal courts sitting within the state should be in harmony upon this point." *Massachusetts Benefit Association v. Miles, supra,* 137 U.S. at 691, 11 S.Ct. at 235. We think it not too presumptuous to remark that we are at the cross-roads on this issue, given the Third Circuit's endorsement of Rule 238 by the district courts sitting in Pennsylvania hearing diversity cases. *See Jarvis v. Johnson,* 668 F.2d 740 (3rd Cir.1982) and *Osborne v. Baker,* 528 F.Supp. 387 (W.D.Pa.1981).

At this stage it also requires mention that even the author of the *Pratt* decision, which seems to be the polestar for defendant's denunciation of Rule 238, refused to give the federal statute such a judicial glossing that it could not be read to accommodate "interest after verdict." This is borne out by the following:

> State statutes are superseded by the Federal Employers' Liability Act only in so far as they are in conflict therewith, and said Liability Act does not legislate upon interest after verdict; hence it is not in conflict with any state statute that allows interest from the verdict. State and federal courts exercise concurrent jurisdiction over causes arising under the Federal Employers' Liability Act; interest is essentially a question of local law; and, for purposes of harmony and uniformity of administration, state statutes relating to interest should be applied whenever it is practicable to do so. (Footnotes omitted)

142 F.2d at 849–850.

We believe that the logic expressed in the preceding passage comports with the thinking of the United States

Supreme Court in *Stewart* and *Miles*, which is that Section 1961 "does not exclude the power in several states to allow [prejudgment] interest ... where such allowance is expressly made by a state statute ...." *Massachusetts Benefit Association v. Miles, supra,* 137 U.S. at 691, 11 S.Ct. at 235. In accordance therewith, we find it proper for the Commonwealth to provide for prejudgment interest against those defendants who make no attempt to settle a dispute or whose offer falls 25% short of the award secured by the plaintiff at trial. *Cf. Louisville & Nashville Railroad Co. v. Stewart, supra.* In either instance, under the rationale initially expressed in *Miles,* paraphrased in *Stewart* and undeniably evident in both *Olsen* and *Pratt,* Section 1961 is neither affronted nor contravened, but, rather, coexists harmoniously with Rule 238.

Accordingly, after assiduously scrutinizing the subject at hand in adherence with accepted practice, *see Rodgers v. United States,* 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947); *Household Consumer Discount Co. v. Vespaziani, supra,* we conclude that while the FELA does not fix the rate of prejudgment interest, the allowance of such interest pursuant to Rule 238 comports with our understanding of the federal decisional law on the matter. *See Reed v. Director General of Railroads,* 267 Pa. 86, 89, 110 A. 254 (1920) ("the Supreme Court of the United States ... is, of course, the final arbiter in construing the Federal Employers' Liability Act[.]"); *cf. Royal Indemnity Co. v. United States,* 313 U.S. 289, 297, 61 S.Ct. 995, 998, 85 L.Ed. 1361 (1941) ("While the New York statute fixing the rate of interest is not controlling, the allowance of interest does not conflict with any state or federal policy and we think that in the circumstances of this case a suitable rate is that prevailing in the state where the obligation was given and to be performed." (Citations omitted)).

■ Further, we believe that cases which declare that the acts of Congress supersede all state legislation on the subject of liability of railroad companies to their employees have nothing to do with the matter at hand. The Pennsyl-

vania procedural rule does not meddle with that. It deals only with *interest* on the monetary loss resulting from the damage or injury "compute[d] ... from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the ... verdict or decision [at 10% per annum.]" Pa.R.Civ.P. 238(a)(1) & (2). Additionally, it cannot be seriously contended that Congress did not anticipate suits in state courts on the question of interest under the FELA. Given Section 1961, and its interpretation by the federal courts, it seems plausible that Congress contemplated and accepted state procedure in advance. *See Louisville & Nashville Railroad Co. v. Stewart, supra; Massachusetts Benefit Association v. Miles, supra; see generally Dickinson v. Stiles,* 246 U.S. 631, 38 S.Ct. 415, 62 L.Ed. 908 (1918); Note, Prejudgment Interest: An Element of Damages Not to be Overlooked, 8 Cumberland L.Rev. 521 (1977).

Therefore, we do not perceive the Pennsylvania rule to be adverse to federal policy, for a state statute cannot be considered "inconsistent" with federal law merely because the statute causes the plaintiff to secure prejudgment interest. *See Robertson v. Wegmann,* 436 U.S. 584, 593, 98 S.Ct. 1991, 1996, 56 L.Ed.2d 554 (1978). Remaining with this subject for a little longer, we wish to respond to defendant-appellant's prophecy that if we were to sanction the use of prejudgment interest we would pervert the "uniform" application of the FELA, which is essential to effectuate its purpose. *See* note 8, *supra.* In answer, we firmly believe that whatever the value of nationwide uniformity in a particular area of the law may be, e.g., FELA, where Congress has not spoken clearly, state law will often provide the content for the federal remedial rule. No less is this true here, where Congress makes reference in Section 1961 to state law in fixing the rate of interest on judgments. *See Turner v. Japan Lines, Ltd.,* 702 F.2d 752, 757 (9th Cir.1983). Consequently, this statutory reliance upon state law obviously means that there will not be nationwide

uniformity on this issue. *See Robertson v. Wegmann, supra,* 436 U.S. at 593 n. 11, 98 S.Ct. at 1997 n. 11; *cf. Klaxon Co. v. Stentor Electric Mfg. Co., supra,* 313 U.S. at 496, 61 S.Ct. at 1022.

Notwithstanding the aforesaid, as touched upon earlier in this Opinion, the Third Circuit's acceptance in *Jarvis v. Johnson, supra,* of Rule 238 as a "substantive" appendage to Pennsylvania law goes a long way to discount defendant-appellant's prophetic remarks, at least in this jurisdiction. *Cf. Murphy v. Lehigh Valley R. Co., supra,* 63 F.Supp. at 930 ("The Court of Appeals has refused to apply the State statute dealing with interest (in that case New York State Decedent Estate Law § 132, Consol.Laws N.Y. c. 13); and if the federal courts follow the statute applicable, 28 U.S.C.A. § 811 [now 28 U.S.C. § 1961], then, at least in New York, there will be harmony between the forms of judgment in the State and federal courts in cases under the [F]ederal Employers' Liability Act.").

Based on the above, we deem it unnecessary to embark on an extended discussion of the procedural/substantive dichotomy that has pervaded the courts of this land since the Supreme Court's decision in *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *See, e.g., Moore-McCormack Lines v. Amirault,* 202 F.2d 893, 896–897 (1st Cir.1953); Hill, Substance and Procedure in State FELA Actions—The Converse of the Erie Problem?, 17 Ohio St.L.J. 384 (1956).[9]

Judgment affirmed.

**9.** We would like to mention that Rule 238 has been referred to by our Supreme Court, in the course of sustaining its constitutional authority to enact same, in procedural terms. Yet, it has not been labelled as being totally devoid of substantive attributes. *See Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981). On the other hand, the Third Circuit, in *Jarvis v. Johnson,* 668 F.2d 740 (3rd Cir.1982), has viewed Rule 238 as substantive in nature, and, therefore, applicable in federal diversity suits under the *Erie* doctrine. We point this out to show that the line of demarcation between what is procedural *vis-a-vis* substantive is not static and requires analysis under the particular case to make such a determination. *See* Anno., Comment note.—Applicability of state practice and procedure in Federal Employers' Liability Act actions brought in state courts, 79

A.L.R.2d 553; *see generally* Anno., Interest on amount of recovery under Federal Employers' Liability Act, 153 A.L.R. 857.