**William N. DiSABATINO**

v.

**NATIONAL RAILROAD PASSENGER CORP., a/k/a Amtrak, Appellant.**

**No. 83–1189.**

United States Court of Appeals, Third Circuit.

Argued Nov. 29, 1983.

Decided Jan. 11, 1984.

Richard L. Goerwitz, Jr. (argued), Kevin Canavan, Swartz, Campbell & Detweiler, Philadelphia, Pa., for appellant.

Joseph Smukler (argued), Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for appellee.

Before GIBBONS and SLOVITER, Circuit Judges, and CALDWELL, District Judge.*

**OPINION OF THE COURT**

GIBBONS, Circuit Judge:

National Railroad Passenger Corp. (Amtrak) appeals from an order denying its motion for a new trial following a $225,000 jury verdict against it. The verdict was entered in an action by William N. DiSabatino under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1976), for injuries he suffered while employed at Amtrak's machine shop in Wilmington, Delaware. Amtrak contends that the trial court should have granted a new trial both on liability and on damages. We hold that a new trial on liability is not required, but that the decision in *Jones & Laughlin Steel Corp. v.*

---

* Hon. William W. Caldwell, United States District Judge for the Middle District of Pennsylva-    nia, sitting by designation.

*Pfeifer,* —— U.S. ——, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983), requires the granting of a new trial on damages.

## I.

■ DiSabatino suffered a back injury on March 21, 1979 when, while lifting a roll of metal liner weighing over 100 lbs., he slipped on grease and water. His theory was that Amtrak negligently permitted the accumulation of oil and water on part of the floor of the machine shop, and that his injury was caused by that hazardous condition. There is testimony from which the jury could find that the absence of a drain in the vicinity of the accident permitted the accumulation of water, either from leaks in the roof, or from overflow from a tank used for annealing copper. The jury could also have found from the testimony that grease from the floor floated on top of the accumulated water, forming a slippery film. Amtrak contends that the trial court erred in its instructions to the jury on liability, and in the admission of certain evidence. None of these contentions is meritorious.[1]

## II.

This case was tried after the decision of this court in *Pfeifer v. Jones & Laughlin Steel Corp.,* 678 F.2d 453 (3d Cir.1982), *vacated,* —— U.S. ——, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983), holding that in actions under the Longshoremen's and Harbor Workers' Compensation Act it was unnecessary to reduce lost future earnings to present worth. This court in *Pfeifer* approved, instead, the "total offset method," in which a discount factor is presumed equal to and offset by the impact of inflation on the future economic value of the

award. 678 F.2d at 461. Prior to our decision in *Pfeifer* it was settled that the failure to give an instruction on reduction of future lost earnings to present worth was reversible error. *Ballantine v. Central Railroad of New Jersey,* 460 F.2d 540, 544 (3d Cir.), *cert. denied,* 409 U.S. 879, 93 S.Ct. 133, 34 L.Ed.2d 133 (1972). Moreover, the burden of producing evidence rested with the plaintiff. *Id.* at 544. *See Russell v. City of Wildwood,* 428 F.2d 1176, 1180 (3d Cir.1970); *Haddigan v. Harkins,* 441 F.2d 844, 853 (3d Cir.1970).

■ Relying on our decision in *Pfeifer,* DiSabatino refrained from putting in evidence from which the jury could make a present worth determination. Moreover, he prevailed upon the trial court to refuse Amtrak's requested charge on reduction to present worth. At that time the judgment in *Pfeifer* was not final. After the jury verdict, the Supreme Court reversed our *Pfeifer* decision. *Jones & Laughlin Steel Corp. v. Pfeifer,* —— U.S. ——, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983). Thus it is now clear that the *Pfeifer* opinion cannot be relied upon as a precedent overruling *Ballantine v. Central Railroad of New Jersey, supra.*

DiSabatino contends, nevertheless, that the verdict should stand. First, he urges that the Supreme Court's decision in *Pfeifer* was in a Longshoremen's and Harbor Workers' Compensation Act case, and thus is not controlling in this Federal Employers' Liability Act case. That argument has no merit, for DiSabatino relied upon our *Pfeifer* decision in prevailing upon the trial court to disregard otherwise controlling Federal Employers' Liability Act precedent. Second, he contends that the overruling decision in *Pfeifer* should not be applied "ret-

1. The contentions are:
    a) That the trial court erred in admitting evidence with respect to defects in the machine shop roof and wall, and in referring to such evidence in the charge;
    b) That the trial court erred in instructing that the absence of similar prior accidents was irrelevant in this case and should be disregarded;
    c) That the trial court erred in admitting a prior consistent statement to rebut an Amtrak contention of recent fabrication;

    d) That the trial court erred in permitting the testimony of Dr. Romy, an expert witness not disclosed until seven days before trial, and in permitting him to give a prognosis not included in his report;
    e) That the trial court erred in permitting the jury to determine potential loss of future earning power;
    f) That the trial court erred in instructing the jury, in the language of the statute, that the Federal Employers' Liability Act is the plaintiff's exclusive remedy.

roactively" to cases tried between April 16, 1982, the date of our decision, and June 15, 1983, the date on which the Supreme Court overruled it. That contention also lacks merit. DiSabatino was well aware that the *Pfeifer* case was not finally determined. He could have put in evidence from which the jury might, with appropriate instructions, have made an alternative calculation. That course would have permitted the entry of an appropriate judgment depending upon the outcome of the *Pfeifer* case in the Supreme Court. In these circumstances there is no justification for this court applying any rule of law but that now announced by the Supreme Court. *United States v. The Schooner Peggy,* 5 U.S. (1 Cranch) 102, 110, 2 L.Ed. 49 (1801). Finally, DiSabatino urges that the verdict should stand because Amtrak failed to produce evidence of present worth. Amtrak had no such burden. Moreover, it is clear that had the evidence been offered by Amtrak, DiSabatino would still have objected to Amtrak's requested instruction. Thus the jury still would not have considered it.

### III.

We conclude, therefore, that the damage verdict cannot stand. The judgment will be reversed, and the case remanded for a new trial on damages only.