518 A.2d 1171

**Gerald L. MORGAN, Appellee,**

v.

**MONESSEN SOUTHWESTERN RAILWAY COMPANY, a corporation, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 15, 1986.

Decided Dec. 12, 1986.

Paul A. Manion, James G. McLean, Manion, Alder & Cohen, P.C., Pittsburgh, for appellant.

John J. Repcheck, Pittsburgh, amici curiae B & O Consolidated Ry.

Ralph G. Wellington, Philadelphia, for Ass'n of American Railroads and Nat. Assoc. of R.R. Trial Counsel.

Thomas Hollander, Evans, Ivory & Evans, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issues raised in this appeal are: (1) whether in an action for personal injuries under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51, *et seq.*, the "total offset method," established as the law in this jurisdiction by

*Kaczkowski v. Bolubasz*, 491 Pa. 561, 421 A.2d 1027 (1980), may be applied in calculating damages, and; (2) whether the prejudgment interest provisions of Pa.R.Civ.P. No. 238 may be applied to an FELA action tried in a Pennsylvania state court. The Superior Court, in affirming the trial court, held that use of the "total offset method" in this FELA case was proper and, approved the addition of prejudgment interest under Rule 238 to the verdict.

I.

On August 27, 1977, appellee, Gerald L. Morgan, sustained injuries to his back when he fell as he alighted from a railroad car while carrying out his duties of employment. The appellee alleged that his fall was caused by the negligence of his employer, appellant, Monessen Southwestern Railway Company. He initiated this suit under the provisions of the Federal Employers Liability Act, in the Court of Common Pleas of Allegheny County. At the conclusion of the trial, the appellant requested the trial judge to instruct the jury that any verdict for loss of future earnings must be *reduced* to present worth. The trial judge declined to give such an instruction. Instead, the judge instructed the jury on the total offset method for calculating damages.

The jury found in favor of the appellee and awarded him a verdict in the sum of $125,000. On motion of the appellee and pursuant to Rule 238 of Pa.R.Civ.P., the court added prejudgment interest to the verdict. The appellant filed post-trial motions seeking a judgment N.O.V. or in the alternative, a new trial. In these two motions, appellant alleged, inter alia, that the trial court erred in refusing to charge the jury that any award of future damages must be *reduced* to present value. The appellant also alleged that the trial court erred in molding the verdict by adding "delay damages" pursuant to Rule 238. By order dated July 22, 1982, the lower court dismissed appellant's motions. The Superior Court affirmed. *Morgan v. Monessen Southwestern Railway Company*, 339 Pa.Super. 465, 489 A.2d 254 (1985). Relying on *Humphries v. Pittsburgh & Lake Erie*

*Railroad Company,* 328 Pa.Super 119, 476 A.2d 919 (1984), the Superior Court held that the use of the total offset method for determining present value of future damages was correct in this case. Further, the Superior Court concluded that "[T]he trial court's addition of delay damages to the jury's verdict was proper."

## II.

In *St. Louis Southwestern Railway Co. v. Dickerson,* 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985), the United States Supreme Court said:

> As a general matter, FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal. Although the Court's decisions in this area "point up the impossibility of laying down a precise rule to distinguish 'substance' from 'procedure,'" *Brown v. Western R. of Alabama,* 338 U.S. 294, 296, 70 S.Ct. 105, 106, 94 L.Ed. 100 (1949); it is settled that the propriety of jury instructions concerning the measure of damages in an FELA action is an issue of "substance" determined by federal law. *Norfolk & Western R. Co. v. Liepelt,* 444 U.S. 490, 493, 100 S.Ct. 755, 757, 62 L.Ed.2d 689 (1980).

The question then of whether it was error for the trial court to refuse to instruct the jury that an award for future damages must be reduced to present worth, and to charge instead on the total offset method, is governed by federal law. Citing the United States Supreme Court's Opinions in *Jones & Laughlin Steel Corp. v. Pfeifer,* 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983) and *St. Louis Southwestern Railway Company v. Dickerson, supra.,* the appellant argues that, as a matter of federal law, awards of future damages in FELA actions must be reduced to present value. The appellant insists that the trial court's charge to apply the total offset rule of *Kaczkowski v. Bolubasz, supra.* in calculating future damages in this case is contrary to federal law and constitutes reversible error.

The case of *Jones & Laughlin Steel Corp. v. Pfeifer,*
*supra.* involved a claim for injuries under the Longshore-
men's and Harbor Workers' Compensation Act, 44 Stat.
1426, 33 U.S.C. § 904. The District Court, citing *Kacz-*
*kowski,* applied the total offset method for the calculation
of damages and the Third Circuit Court of Appeals ap-
proved its use. The United States Supreme Court reversed
and remanded, rejecting the Third Circuit's conclusion that
the total offset method was a *mandatory* rule in the
federal courts. The Court refused to adopt the total offset
rule or any other rule as the exclusive method for calculat-
ing future damages in federal trials. The Supreme Court
said:

> The litigants and the amici in this case urge us to select
> one of the many rules that have been proposed and
> establish it for all time as the exclusive method in all
> federal trials for calculating an award for lost earnings in
> an inflationary economy. We are not persuaded, how-
> ever, that such an approach is warranted. (Citation omit-
> ted.) For our review of the [relevant] cases leads us to
> draw three conclusions. First, by its very nature the
> calculation of an award for lost earnings must be a rough
> approximation. Because the lost stream [of income] can
> never be predicted with complete confidence, any lump
> sum represents only a "rough and ready" effort to put
> the plaintiff in the position he would have been in had he
> not been injured. Second, sustained price inflation can
> make the award substantially less precise. Inflation's
> current magnitude and unpredictability create a substan-
> tial risk that the damage award will prove to have little
> relation to the lost wages it purports to replace. Third,
> the question of lost earnings can arise in many different
> contexts. In some sectors of the economy, it is far easier
> to assemble evidence of an individual's most likely career
> path than in others.

> These conclusions all counsel hesitation. Having sur-
> veyed the multitude of options available, we will do no
> more than is necessary to resolve the case before us. We
> limit our attention to suits under § 5(b) of the Act, noting

that Congress has provided generally for an award of damages but has not given specific guidance regarding how they are to be calculated.

*Id.* 103 S.Ct. at 2555.   The court went on to observe:

In 1976, Professor Carlson of the Purdue University economics department wrote an article in the American Bar Association Journal contending that in the long run the societal factors, excepting price inflation—largely productivity gains—match (or even slightly exceed) the "real interest rate."   *Carlson, Economic Analysis v. Courtroom Controversy,* 62 ABAJ 628 (1976).   He thus recommended that the estimated lost stream of future wages be calculated without considering either price inflation or societal productivity gains.   All that would be considered would be individual seniority and promotion gains.   If this were done, he concluded that the entire market interest rate, including both inflation and the real interest rate, would be more than adequately offset.

Although such an approach has the virtue of simplicity and may even be economically precise, we cannot at this time agree with the Court of Appeals for the Third Circuit that its use is mandatory in the federal courts.

*Id.* 103 S.Ct. at 2556, 2557.   The court further stated:

We do not suggest that the trial judge should embark on a search for "delusive exactness."   It is perfectly obvious that the most detailed inquiry can at best produce an approximate result.   And one cannot ignore the fact that in many instances the award for impaired earning capacity may be overshadowed by a highly impressionistic award for pain and suffering.   But we are satisfied that whatever rate the District Court may chose to discount the estimated stream of future earnings, it must make a deliberate choice, rather than assuming that it is bound by a rule of state law.

*Id.* 103 S.Ct. at 2558.

In summary, the United States Supreme Court in *Pfeifer:* held that the total offset method adopted for use in Pennsylvania negligence cases is not a *mandatory* rule in feder-

al trials; declined to adopt the total offset rule, or any rule, as the *mandatory* method for determining future damages in federal court cases; ruled that use of the total offset rule is not prohibited if the trial court finds it to be the appropriate method under the circumstances; and held that the trial court "must make a deliberate choice, rather than assuming that it is bound by a rule of state law." *Id.* Thus, in final analysis, the Supreme Court, limiting its attention to suits arising under § 5(b) of the Longshoremen's and Harbor Workers Compensation Act, refused to adopt a mandatory rule and held that the total offset formula is a permitted method for calculating future damages in cases under that Act.

Even though *Pfeifer* involved a claim under Section 5 of the Longshoremen's and Harbor Workers Compensation Act, we believe the approval of the total offset rule as a permissive method in that case applies as well to the instant FELA action. We agree with the observation of the Superior Court that:

> ... the reasoning in [Pfeifer] is applicable to FELA cases brought in state court since the FELA, like the Longshoremen's Act, provides generally for a damage award, but gives no specific guidance regarding how that award is to be calculated. *See* 45 U.S.C. § 51; *Pfeifer*, 103 S.Ct. at 2555.

*Morgan v. Monessen Southwestern Railway Company,* 339 Pa.Superior Ct. at 471, 489 A.2d at 258.

■ The total offset method is the rule adopted by this court for application in negligence cases tried in Pennsylvania courts. The use of that method is permitted in federal trials where the district court makes a deliberate choice as to its application. *Jones & Laughlin Steel Corp. v. Pfeifer,* supra. The adoption of the total offset rule as the method to be used in calculating damages in negligence trials in Pennsylvania was made after a thorough consideration of various present worth theories and rules. It was deliberately selected by this Court as the rule that most nearly provides an injured claimant with damages to the full

extent of the injuries sustained. *Kaczkowski v. Bolubasz,* 491 Pa. 561, 421 A.2d 1027. In *Kaczkowski,* we stated:

"Mindful of our goal that a damage award formula should strive to be efficient, predictable as well as accurate, in computing lost future earning capacity this Commonwealth adopts ... the Alaska court's total offset approach to inflation and discounting to present value. We believe that this eclectic method best computes a damage award which will fairly compensate a victim to the full extent of his or her injuries and avoid unnecessary complexities likely to produce confusion although in reality contributing little to the degree of accuracy to be obtained."

*Id.* 491 Pa. at 579, 421 A.2d 1027. We stated further:

"An additional virtue of the total offset method is its contribution to judicial efficiency. Litigators are freed from introducing and verifying complex economic data. Judge and juries are not burdened with complicated, time consuming economic testimony. Finally, by eliminating the variables of inflation and future interest rates from the damage calculation, the ultimate award is more predictable."

*Id.,* 491 Pa. at 583, 421 A.2d 1027. Accordingly, we hold that the trial court's use of the total offset method to determine the present value of future damages in the instant FELA action satisfies the requirements of federal law as enunciated in *Pfeifer.*

Four days before the Superior Court filed its opinion in this case upholding the use of the total offset method, the United States Supreme Court, on March 4, 1985, decided the case of *St. Louis Southwestern Railway Company v. Dickerson,* 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985) involving an FELA claim tried in the Missouri state courts. In *Dickerson,* the jury returned a verdict in favor of the appellee in the amount of $1,000,000. The appellant Railway Company appealed alleging that the trial judge erred in refusing to instruct the jury that any award for

loss of future earnings must be reduced to present value. The Supreme Court noted that:

> The trial judge refused to submit the instruction because such an instruction was not provided for in the Missouri Approved Instructions promulgated by the Supreme Court of Missouri for use in FELA cases. Accordingly, the Missouri court instructed the jury on damages, in relevant part, as follows:
>
> > "If you find the issues in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe he sustained and is reasonably certain to sustain in the future as a result of the fall on December 11, 1978, mentioned in the evidence. Any award you make is not subject to income tax."

*Id.* 105 S.Ct. at 1348. The Court reasoned that the fact that an instruction on present value was not included in the Missouri Approved Instructions was insufficient reason, under federal law, to deny appellant's request for such an instruction. "Whether such an instruction should have been given is a federal question." *Id.* 105 S.Ct. at 1348. Citing *Chesapeake & Ohio R.C. v. Kelly*, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117, (1916), the Court said: "[A] defendant in a FELA case is entitled to have the jury instructed that 'when future payments or other pecuniary benefits are to be anticipated, the verdict should be made up on the basis of their present value only.'" *Id.* 105 S.Ct. at 1348, 1349. The court went on to say:

> "... Although our decision in *Jones & Laughlin* makes clear that no single method for determining present value is mandated by federal law and that the method of calculating present value should take into account inflation and other sources of wage increases as well as the rate of interest, it is equally clear that an utter failure to instruct the jury that present value is the proper measure of a damage award is error ..." 105 S.Ct. at 1349.

In *Dickerson*, the Missouri court gave no instruction at all concerning present worth. By contrast, in the instant case,

the trial judge did instruct the jury on present value by charging on the total offset method.  In applying the total offset method, future inflation and future interest rates are deemed equivalent thereby eliminating the previous practice of *reducing* the award to reach present worth.  Present worth is established by use of the total offset rule.[1]  We believe that the instructions given by the trial judge in the present case adequately apprised the jury on present value and satisfies the dictates of *Dickerson*.

## III.

Next, the appellant complains that the trial court erred in adding $26,712.50 to the verdict as prejudgment interest pursuant to Rule 238 of the Pa.R.Civ.P.  The appellant argues that the measure of damages in FELA actions is a matter of federal law.  Appellant insists that under federal law prejudgment interest may not be awarded in FELA cases.[2]  It is urged that federal law permits interest only on a judgment.  Appellant cites 28 U.S.C. § 1961 which provides in relevant part:

Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . .  Such interest

1.  *See O'Rourke v. Eastern Air Lines, Inc.*, 730 F.2d 842 (2nd Cir., 1984) (approved the district court's use of the total offset method to establish present value).

2.  In support of this proposition, appellant cites, inter alia, the following federal cases: *Faulkenberry v. Louisiana & Arkansas Railway Company*, 551 F.2d 650 (5th Cir.), *rehearing den.* 555 F.2d 1391 (5th Cir.1977) (interest on judgment from date of judicial demand is contrary to law in the fifth circuit); *Kozar v. Cheasapeake & Ohio Railway Company*, 449 F.2d 1238 (6th Cir.1971) (error to add interest to sums awarded as damages from the date of the filing of the complaint; interest should be paid from the entry of judgment); *Louisiana & Arkansas Railway v. Pratt*, 142 F.2d 847 (5th Cir.1944) (interest to be calculated from the date of entry of judgment).  But see, *Garcia v. Burlington Northern Railroad Company*, 597 F.Supp. 1304 (1984) (U.S. District Court in Colorado allowed prejudgment interest in FELA case.  The court found strong policy considerations in approving such an award—fairness and efficiency.  It was found that granting prejudgment interest was fair in that it often was necessary to fully compensate an injured railroad worker.  Such a rule also promoted efficiency in the courts by providing an incentive for early settlement.)

shall be calculated from the date of the entry of the judgment, at the rate allowed by state law.

The Superior Court, citing its decision in *Humphries v. Pittsburgh & Lake Erie Railroad Company*, 328 Pa.Super 119, 476 A.2d 919 (1984) as controlling, held that the addition of Rule 238 prejudgment interest to the jury verdict was proper.[3]  In *Humphries*, the Superior court observed:

[A]s is conceded by all concerned, and a review of the statute confirms this, the Federal Employers' Liability Act makes neither a provision allowing nor forbidding prejudgment interest such as was awarded by the trial court here.

*Id.,* 328 Pa.Superior Ct. at 125, 476 A.2d at 922.  The court went on to say:

It is true that [28 U.S.C. § 1961] has been construed in the context of the Federal Employers' Liability Act in *Louisiana & Arkansas Ry. Co. v. Pratt*, 142 F.2d 847 (5th Cir.1944), to encompass post judgment interest, or, at the most, an award of interest tabulated from the date a verdict is rendered to the date judgment is entered.

\*      \*      \*      \*      \*      \*

Although the Fifth Circuit's position in *Pratt* has been followed in a number of state courts, we noticed that most recently this stance, as it affects Section 1961 and federal causes of action in regard thereto, has been altered.  For example, in *Olsen v. Shell Oil Co.*, 708 F.2d 976 (5th Cir.1983), an employee brought suit against his employer under the Outer continental Shelf Lands Act (OCSLA) for injuries he sustained while on the job.  The employer contended, *inter alia*, that the district court should not have awarded prejudgment interest in light of Section 1961's prohibition against same, and he cited a number of Fifth Circuit cases in support of the contention.  Circuit Judge Patrick E. Higgenbotham, speaking for the Court, admitted that there existed a conflict in the circuit as to the law on this point.

**3.** *Morgan v. Monessen Southwestern Railway Company,* 339 Pa.Super. 465, 489 A.2d 254 (1985).

In response to this diversity of opinion that had manifested itself in the circuit, the Court opted to renounce its former, unfavorable position on the issue of prejudgment interest and adopted, instead, a posture consonant with that espoused in *Ellis v. Chevron U.S.A., Inc.*, 650 F.2d 94 (5th Cir.1981). In doing so, the Court made statements that are quite germane to the case at bar; viz.:

> [I]n *Ellis*, an OSCLA wrongful death case, we upheld a denial of prejudgment interest once again, but only on the ground that the district court had "properly exercised its discretion." 650 F.2d at 98. The panel there read 28 U.S.C. § 1961 as mandating postjudgment interest but also permitting prejudgment interest. Thus, it concluded that the district court "could have left intact its award of prejudgment interest if it found 'other principles of law' which justified the award ..." *Id.* (quoting *Illinois Central Railroad Co. v. Texas Eastern Transmission Corp.*, 551 F.2d 943, 944 (5th Cir.1977).
>
> We think *Ellis* is the better view. *Ellis* reads the federal interest statute as permissive on the matter of prejudgment interest.

*Id.*, 328 Pa.Superior Ct. at 127, 476 A.2d at 923. The Superior Court concluded that *Olsen* endorsed "the awarding of prejudgment interest to a plaintiff, who sues under a federal statute, *when the remedy is based upon and supported by the state law where the district court sits.*" (Emphasis in original.) *Id.*, 328 Pa.Superior Ct. at 128, 476 A.2d at 924. We agree.

> State and Federal Courts exercise concurrent jurisdiction over cases arising under the Federal Employers' Liability Act. Interest is essentially a question of local law; and, for purposes of harmony and uniformity of administration, state statutes relating to interest should be applied whenever it is practical to do so. (Footnotes omitted.)

*Louisiana & Arkansas Railway v. Pratt*, 142 F.2d at 849, 850.

On November 20, 1978, we promulgated Rule 238, which states in part as follows:

"(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the Court ... shall

"(1) Add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict, or decision;

\* \* \* \* \* \*

"(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until the commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the Court or the arbitrators shall not award damages for delay for the period after the date the offer was made ..."

In *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981) we said that "[T]he format of Rule 238 is responsive to its fundamental goal of prompting meaningful negotiations in major cases so as to unclutter the courts." This worthy goal in no manner conflicts with the purpose of the FELA, nor do the prejudgment interest provisions of Rule 238 contravene any provision of the federal act. This Court has the right to institute procedural rules designed to alleviate congestion in the trial courts. Cases brought under the FELA, as well as other federal statutes, contribute to such congestion the same as cases instituted under state laws. A rule of procedure,[4]

---

4. In *Laudenberger,* we said that Rule 238 was a rule of procedure "aimed at furthering litigation in a meaningful way while protecting the rights of the litigants." *Id.,* 496 Pa. at 65, 436 A.2d 147. We stated

such as Rule 238, which does not conflict with any provision of the FELA is properly applied to FELA cases brought in Pennsylvania courts.[5]

The order of the Superior Court is affirmed.

HUTCHINSON, J., filed a dissenting opinion joined by McDERMOTT and ZAPPALA, JJ.

HUTCHINSON, Justice, dissenting.

I dissent. FELA cases brought in state courts are subject to state procedure, but the governing substantive law is federal. *St. Louis Southwestern Railway Co. v. Dickerson*, 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985). The majority correctly states that the measure of damages in these cases is a matter of federal substantive law, *Norfolk and Western Railway Co. v. Liepelt*, 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980); *Chesapeake & Ohio Railroad Co. v. Kelly*, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117 (1916). Under longstanding federal precedent those damages must be discounted to present value. *Id.* Though

that the purpose and effect of Rule 238 are procedural though there may be a collateral effect on the substative right of both parties. *Id.*

5. In the recent case of *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), this Court suspended the operation of the *mandatory* provisions of Rule 238 and directed the following post-trial procedure:

[W]e direct that claims for delay damages are to presented in petition within five days of a jury verdict or arbitration award. Within five days thereafter the respondent's answer shall be due. If the plaintiff's recovery resulted from a jury verdict, the judge who presided over the trial is to consider the petition and answer. Prior to reaching a decision, the judge may hold a hearing to resolve any factual disputes. If the plaintiff's recovery resulted from an arbitration proceeding, the parties' petition and answer shall be submitted to the next available arbitration panel, and a hearing shall be conducted to resolve any factual disputes. Thereafter a decision shall be rendered, awarding or denying delay damages consistent with Pa.R.Civ.P. 238(a)(1).

In *Craig* though, it was held that "the suspension of the mandatory initiated provisions of Rule 238 is to be given prospective effect only" *Id.*, 512 Pa. at p. 66, 515 A.2d 1350. The appellant in the instant case did not assert an attack on the Rule on grounds that it offended due process by failing to provide a forum to assess fault for delay as held in *Craig*. The post-trial procedure adopted in *Craig* therefore, is not applicable here.

the United States Supreme Court has not established a particular method for discounting damages to present value, it has given us guidance on the selection of a method. In *Jones and Laughlin Steel Corp. v. Pfeifer*,[1] 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983), the court held that the judge is not bound to follow state law on discounting to present value and, indeed, may not blindly follow the state procedure.[2] *Id.* at 550–53, 103 S.Ct. at 2557–58.

In *Pfeifer*, the judge blindly applied the total offset method we adopted in *Kaczkowski v. Bolubasz*, 491 Pa. 561, 421 A.2d 1027 (1980). This record shows that the trial judge did the same thing.

> [H]owever, we have reached the decision not to give the present-worth charge; and the basis for the Court's decision is the Bolubase [sic] Decision and the opinion of Justice Nix.
>
> As we read his [Chief Justice Nix] language [in *Bolubasz*], it appears to me that what he is doing is establishing, really, a procedural method for calculating an award for loss of future earnings; and that if you look at his opinion as being procedural, then it seems to me that it would be applicable.
>
> The other reason that compels the Court is that there is dicta in a number of these cases to the effect that until there has been some clear decision in FELA cases by the United States Supreme Court, the law of form [sic] should apply.
>
> . . . .
>
> The third reason [is] [a]fter years of listening to that charge on present worth that is given to juries, I think it is a charade. I don't think the jury understands what you are saying. I am not sure the judge understands, him or herself, what is being said. It just doesn't mean anything.

---

**1.** As the majority notes, *Pfeifer* arose under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950; however, the same federal law on damages applies.

**2.** We may label discounting as procedural for our own purposes. Nevertheless, it retains its substance for FELA purposes.

... I don't think that that is the way that you calculate damages.

And, I guess, the fourth reason would be that I view this recent decision ... the Liepelt case that we had been looking at ... as an attempt to put reality into the calculations of damages....

It is the Court's feeling that the reduction to present worth has occurred by the next method; and we have to move on; so that the decision has been made.

Reproduced Record at 68a–70a.

Judge Finkelhor's comments reveal that she did not consider other methods, but blindly followed our teaching in *Bolubasz*, and that she disagrees with the concept of discounting to present value required by federal law. In addition, her reliance on *Liepelt* seems misplaced in light of the subsequent decisions in *Dickerson* and *Pfeifer*. A state judge is not free to consider the discounting question procedural in FELA cases because the United States Supreme Court has held it is substantive. *Liepelt, supra; Kelly, supra.* The damages found by the jury were not reduced to present value as required by federal law.[3]

Likewise, I believe that the trial court's award of delay damages under Pa.R.C.P. 238 conflicts with federal law. Though state procedure generally applies in FELA cases brought in state courts, "so called" procedural rules which interfere with federal substantive law do not. *Brown v. Western Railroad of Alabama*, 338 U.S. 294, 70 S.Ct. 105, 94 L.Ed. 100 (1949). Damages, of course, are a matter of federal substantive law. The majority states that Rule 238 is nothing more than a procedural device used to encourage negotiation and settlement and lighten court dockets. This is pure sophistry. Any rule which increases a damage

3. The United States Supreme Court does not clearly state in *Pfeifer* and *Dickerson* who should determine the method to be used to discount damages to present value. Since it is the jury's task to determine damages and discount them to present value, I believe that the jury should choose the method. Expert testimony on the various methods should be presented to aid the jury, and the judge should instruct the jury on all methods advanced by the parties.

award by twenty-five percent has an undeniably material effect on damages. Application of our so-called procedural rule not only interferes with governing federal substantive law but undermines the national uniformity FELA was designed to achieve. *See Liepelt, supra* at 493 n. 5, 100 S.Ct. at 757 n. 5. Appellee's entitlement to delay damages or pre-judgment interest should be determined under federal substantive law not Pennsylvania procedure.

In addition, for the reasons contained in my concurring opinion in *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986), I do not believe that delay damages are under any circumstances a matter to be handled by a procedural rule.

Therefore, I would reverse Superior Court and remand for a new trial on damages.

McDERMOTT and ZAPPALA, JJ., join in this dissenting opinion.